UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ASHLEE AMBER WILLIAMS                                                                  PLAINTIFF

vs.                                         Case No. 4:23cv-812-JM

CHASE, ET AL. (SIC)
BANK OF LITTLE ROCK
MORTGAGE CORP., FANNIE MAE, and
WILSON & ASSOCIATES, P.L.L.C.                                                       DEFENDANTS

## ORDER

Pending is a motion for summary judgment filed by JPMorgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association's ("Fannie Mae") (Doc. No. 59). Defendants Wilson & Associates PLLC (Wilson) and Bank of Little Rock Mortgage Corporation (BLRM) joined that motion. (Doc. Nos.64, 67). Plaintiff has failed to respond although she was given an extension of time by the Court to do so. For the reasons stated below, the motions for summary judgment are granted.

Factual Background

On or about April 6, 2007, Plaintiff executed a promissory note in the amount of $158,500.00 payable to BLRM. It was a thirty-year note at an annual interest rate of 7.33%. To secure the note, Plaintiff executed a mortgage granting BLRM a first priority purchase money mortgage interest in real property located at 13618 Woodbrook Drive, Little Rock, Arkansas 72211 (the "property"). BLRM subsequently endorsed the note in favor of Freedom Mortgage Corporation, who then endorsed the note in Blank. Chase is in possession of the Note.

In an assignment dated June 6, 2013, Mortgage Electronic Registration Systems, Inc., as nominee for Bank of Little Rock Corporation, assigned the mortgage to Chase.  The assignment

was filed in the real property records of Pulaski County, Arkansas, as Instrument No. 2013042428. Chase is the owner and holder of the note and mortgage.

In 2018, after the conclusion of her first Chapter 13 bankruptcy case, Chase and Plaintiff entered into a Loan Modification Agreement related to the note, mortgage, and property. Under the terms of the Loan Modification Agreement, the payment term of the note was extended to August 1, 2058, with a new principal balance of $285,343.75, but interest would only accrue on the amount of $201,449.66. Plaintiff did not make the monthly mortgage payments as provided for in the Loan Modification Agreement.

Plaintiff began to file numerous Chapter 13 bankruptcy petitions in an effort to avoid foreclosure of the mortgage. Her efforts were unsuccessful. She failed to resume the payments required by the note, mortgage, and Loan Modification to avoid a foreclosure of the mortgage.

A letter dated May 14, 2020 was mailed to Chase on Plaintiff's behalf. (Doc. No. 59-22).  It was titled Notice of Payment and was written on letterhead indicating it came from the "Sign in America National Debt Relief Program." According to the letter, the Sign in America program is "a lawful land and soil jurisdiction program that provides debt relief." Enclosed with the Notice of Payment letter was a copy of a payoff quote from Chase to Plaintiff, listing the balance of the debt as of May 20, 2020. On the payoff quote, is a stamp reading "Accepted for value. Exempt from levy" with the signature and social security number of an individual named Mary S. Hauck. The document also contains a handwritten note "Money Order" "Pay to: United States Treasury" "Three Hundred Thousand Seventy Two and 36 cents" "payoff of Loan No. XXXX:0050."

In July 2023, Chase conducted a non-judicial foreclosure sale of the property.  The property was sold to Chase as the highest bidder. Chase then assigned its interest in the Property

to Fannie Mae. In August 2023, a mortgagee's deed was filed in the real property records and title to the property transferred to Fannie Mae.

Plaintiff filed her complaint against the defendants on September 1, 2023 (Doc. No. 2), claiming that she paid the debt owed to Chase in full, that Chase refused to acknowledge receipt of the payment, and the defendants wrongfully continued collection efforts and foreclosed the property.

## Summary Judgment Standard

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). Plaintiff must present evidence that would allow a reasonable juror to find by a preponderance of evidence that she is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Holaway v. Stratasys, Inc.,* 771 F.3d 1057, 1059-60 (8th Cir. 2014). Mere speculation, conjecture, or fantasy is not sufficient to withstand a summary judgment motion. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).

## Analysis

Plaintiff attempts to avoid her debt by relying on the concept of a "mutual offset credit" she claims to have learned about on the internet. (Plf. Dep., Doc. No. 65, Ex. W,66:24-67:4). She testified that the handwriting and the stamp on the payoff quote renders the document a

negotiable instrument that should be accepted to satisfy the debt she owes to Chase, even though she does not "know how that part works." *Id*. 73:21-81:17, 82:8-84:19, 90:2-12. According to Plaintiff, every person who has a United States birth certificate has a "national credit" established "around the Civil War." Id. at 68:10- 71:1. Plaintiff could not state how much credit each person is given, who manages or administers the credit, or who issues the credit.

However, the so-called money order was not a recognized negotiable instrument nor was it backed by legitimate currency. By Plaintiff's own admission, she stopped making actual payments on the debt owed to Chase pursuant to the Loan Modification Agreement and has not made any payments that would satisfy the outstanding balance. Plaintiff has failed to provide any proof in support of her claim that the debt has been satisfied by the so-called "money order," or otherwise. Plaintiff also failed to raise any defenses to the statutory foreclosure prior to the sale as required by Arkansas law. Therefore, Plaintiff is barred from now challenging the foreclosure sale.

## Conclusion

Defendants are entitled to summary judgment in their favor on all claims asserted against them by Plaintiff, and their motions (Doc. Nos. 59, 64, and 67) are GRANTED. A separate judgment will be entered.

IT IS SO ORDERED this 5th date of February, 2025.

_____
HONORABLE JAMES M. MOODY JR